[Cite as *State v. Violett*, 2012-Ohio-2685.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 11CA0106-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EDWARD B. VIOLETT | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 10CR0473 |

DECISION AND JOURNAL ENTRY

Dated: June 18, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Edward Violett, appeals from his convictions in the Medina County Court of Common Pleas. This Court affirms.

I

{¶2} J.C. is the minor child of Elizabeth ("Mother") and granddaughter of Susan ("Grandmother"). J.C. regularly spent one weekend a month at Grandmother's home, where Grandmother resided with her boyfriend, Violett. In 2010, J.C. told Grandmother that Violett had touched her inappropriately. Sometime thereafter, Mother confronted J.C. about her strange behavior over the prior few months and J.C. informed Mother that Violett had touched her. After Mother contacted Grandmother, she filed a report with the Montville Police Department. The case was assigned to Officer LaFond, who conducted interviews with J.C., Mother, Grandmother, and Violett.

{¶3}    In September 2010, Violett was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree.  After a bench trial, Violett was found guilty and sentenced to a total of two years in prison.  Violett now appeals from his convictions and raises two assignments of error for our review.

II

Assignment of Error Number One

APPELLANT'S CONVICTIONS FOR GROSS SEXUAL IMPOSITION WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶4}    In his first assignment of error, Violett argues that there is insufficient evidence to sustain his convictions for gross sexual imposition.  We disagree.

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  *See also State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  "In essence, sufficiency is a test of adequacy."  *Id.*

{¶5}    Violett was convicted of two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4).  R.C. 2907.05(A)(4) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person."  "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."  R.C. 2907.01(B).

{¶6} J.C. was ten years old at the time she said Violett touched her inappropriately and was not the spouse of Violett. *See* R.C. 2907.05(A)(4). J.C. testified that Violett touched her in her "vaginal area" and on her breasts. J.C. further testified that Violett made her touch him "in his private area" and that she felt "wet stuff coming out." Accordingly, there was sufficient evidence that Violett engaged in sexual contact with J.C. when she was less than 13 years of age.

{¶7} Violett argues that the evidence presented was insufficient because the only direct evidence offered by the State was the testimony of the victim, J.C., which contained inconsistencies. Because Violett's argument rests on the credibility of J.C., his challenge goes to the weight of the evidence and not whether there was sufficient evidence to sustain his convictions. *State v. Williams*, 9th Dist. No. 25286, 2011-Ohio-4488, ¶ 5. Sufficiency requires the evidence be viewed "in a light most favorable to the prosecution." *Jenks* at paragraph two of the syllabus. Viewing the evidence in a light most favorable to the prosecution, there is sufficient evidence to sustain Violett's convictions for gross sexual imposition. Violett's first assignment of error is overruled.

Assignment of Error Number Two

APPELLANT'S CONVICTIONS FOR GROSS SEXUAL IMPOSITION WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8} In his second assignment of error, Violett argues that his convictions are against the manifest weight of the evidence. We disagree.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A weight of evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *Thompkins*, 78 Ohio St.3d at 387. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*. The court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Otten* at 340. *See also State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶9} Violett argues that his convictions are against the manifest weight of the evidence because his character witnesses are more credible than J.C. Specifically, Violett challenges J.C.'s credibility based on inconsistencies between her testimony and the details she had reported to others. Violett points to inconsistencies in (1) the dates of the abuse, (2) when J.C. reported the abuse to Grandmother and Mother, (3) whether Violett cleaned his ejaculate up with a towel or toilet paper, (4) the length of time each incident of abuse lasted, and (5) whether she was touched on the breasts or only in the vaginal area. While we agree that there were inconsistencies, we do not agree that "the trier of fact clearly lost its way." *Otten* at 340.

{¶10} During the interview with Officer LaFond, Violett predicted that J.C.'s allegations were related to "two potential incidents." Violett informed Officer LaFond that J.C. would occasionally sleep in the bed with Violett and Grandmother. At some point during the interview, Violett agreed with Officer LaFond that it was possible that he touched J.C. inappropriately while she was asleep in his bed, mistaking her for Grandmother. Violett also informed Officer LaFond that he had once slept in bed with J.C. in a separate bedroom because Grandmother was coughing and keeping him awake.

**{¶11}** J.C. was barely ten years old at the time of the first abuse. J.C. testified at the trial, which took place almost two years later. Although there were some inconsistencies between J.C.'s statements and her testimony, some inconsistency in a witness' testimony does not require the conclusion that the witness is not credible. *See State v. Irelan*, 3d Dist. No. 7-05-13, 2006-Ohio-2781, ¶ 8. J.C. consistently said that Violett touched her in her vaginal area on two separate occasions. She also consistently said that the first act of abuse occurred toward the end of 2009, while she was asleep in the bed with Grandmother and Violett, and that the second act of abuse occurred some months later while she was asleep alone in a separate bedroom. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The fact-finder "is free to believe all, part, or none of the testimony of each witness." *State v. Cross*, 9th Dist. No. 25487, 2011-Ohio-3250, ¶ 35, quoting *Prince v. Jordan*, 9th Dist. No. 04CA008423, 2004-Ohio-7184, ¶ 35. We cannot conclude that the trial court's resolution of credibility was unreasonable.

**{¶12}** After reviewing the record, despite some inconsistencies in the victim's testimony, we cannot conclude that the finder of fact clearly lost his way. Violett's convictions are not against the manifest weight of the evidence. His second assignment of error is overruled.

III

**{¶13}** Violett's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.